KATHARINE BARLOW v. MARIA BURNS AND MARY BURNS.

Argued November 5, 1903—Decided February 23, 1904.

1. Where one of the defendants in an action for libel employed counsel who did not file a plea, but chose to go before a sheriff's jury in the endeavor to keep the damages from being excessive, and it not appearing that his course was not a wise one, it being apparent defendant could not justify, the judgment will not be opened to let defendant in to plead.

2. Where the other defendant did not employ counsel, it being shown that her mother undertook to attend to it all for her, and it may be injustice to deny her a defence, a rule to show cause why the judgment should not be opened that she may file a plea will be granted.

Application to open judgment to let defendants in to plead.

Before Justices FORT, GARRETSON and PITNEY.

For the motion, *Black & Drayton.*

*Contra, Cowles & Carey.*

PER CURIAM.

This is an application to open a judgment. As to Maria Burns, the application is denied. She employed counsel and it does not appear at all satisfactorily that his course, under the circumstances of the case in not filing a plea, was not a wise one. The action was for libel. It was apparent she could not justify. So he seems to have chosen to go before the sheriff's jury and endeavor to keep the damages from being excessive. He did that and was heard there, the defendant being present. To open the judgment now, because of failure of the attorney to file a plea, does not, as to her, commend itself to the good judgment of the court.

As to Mary Burns, the daughter of Maria Burns, the case seems upon the affidavits somewhat different. She did not employ counsel, her mother undertaking to attend to it all for her. She may have a complete defence, which it would be an injustice to deny her.

We think that as to Mary Burns there should be a rule to show cause why the judgment should not be opened that she may file a plea.

The rule will be made returnable at the next term of this court, with leave for both parties to take testimony.